**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LESLIE A. FRANCIS, JR.,
<u>Plaintiff-Appellant,</u>

v.

No. 98-2801

COMPUTER LEARNING CENTERS,
INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-98-1408-A)

Submitted: October 14, 1999

Decided: October 27, 1999

Before ERVIN,* HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jonathan Shapiro, Alexandria, Virginia; Christopher G. Hoge,
CROWLEY, HOGE & FEIN, P.C., Washington, D.C., for Appellant.
Burton J. Fishman, Jill I. Prater, TUCKER FLYER, P.C., Washing-
ton, D.C., for Appellee.

_____

*Judge Ervin was assigned to the panel in this case but died prior to
the time the decision was filed. The decision is filed by a quorum of the
panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Leslie A. Francis, Jr., appeals from the district court's order dismissing his wrongful discharge action against Computer Learning Centers, Inc. ("CLC"), under Fed. R. Civ. P. 12(b)(6). Finding no reversible error, we affirm.

Francis filed a wrongful discharge action in Virginia state court, alleging that he was terminated because he refused to participate in illegal and fraudulent activities being carried out by CLC and that he was asked to contribute $1000 to the re-election campaign of Newt Gingrich and then submit to the company for a bogus reimbursement of that amount. CLC removed the action to federal court, based on diversity jurisdiction, and moved to dismiss the complaint. In opposing the motion, Francis contended that his discharge violated Virginia public policy as embodied in the Virginia Consumer Protection Act ("Act"), Va. Code Ann. §§ 59.1-196 to -207 (Michie 1998), and certain regulations of the State Council of Higher Education for Virginia enacted pursuant to Va. Code Ann. § 23-268 (Michie 1997).

After a hearing, the district court determined that it need not decide whether the Act and the regulations were adequate bases for satisfying the public-policy exception to the employment-at-will doctrine. The court found that even if they were, Francis did not fall within the "zone of interests that the relevant [statute and regulations] set out to protect." (J.A. at 81). The court therefore granted CLC's motion to dismiss.

On appeal, Francis argues that the requirement that a plaintiff be within the zone of protection of the particular public policies on which he relies to satisfy the exception is overly restrictive and inconsistent with Virginia case law. We disagree. The Supreme Court of Virginia recently held that a plaintiff claiming wrongful discharge and

2

seeking to avail himself of the public-policy exception to the employment-at-will doctrine must fall within the protective reach of the statutes or regulations the plaintiff claims are violated by his termination. See Dray v. New Mkt. Poultry Prods., Inc., 528 S.E.2d 312 (Va. 1999). Accordingly, after careful review of the record in this case, the applicable legal authorities, and the briefs of the parties, we affirm the decision to grant CLC's motion to dismiss on the reasoning of the district court. We grant CLC's motion to submit the case on briefs because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3